J^FOIL, J.
Claimant, Richard Cador, appeals from a judgment dismissing his claim for workers’ compensation benefits against his employer, Neal’s Cypress Inn, Inc. (NCI), and several other defendants. We affirm.
NCI, a hotel located in New Roads, Louisiana, employed Mr. Cador as a maintenance worker. The shareholders of NCI also owned Neal’s Magnolia Inn, Inc. (NMI), a hotel in Woodville, Mississippi. Mr. Julius Carter owned a building near NMI. Mr. Cador’s right leg was fractured in several places when he fell from a ladder while painting Mr. Carter’s building.
Mr. Cador filed a workers’ compensation claim against NCI, NMI, the individual shareholders of both corporations, as well as various insurers. After a trial, the workers’ compensation judge found Mr. Neal had failed to prove he was an employee of NCI, NMI, or any of the corporate shareholders at the time he was injured. Rather, the workers’ compensation judge found Mr. Neal was performing work as an independent contractor at the time of his accident. Mr. Cador appeals.
On appeal, Mr. Cador contends the workers’ compensation judge erred in finding he was an independent contractor at the time of his accident. Mr. Cador also argues that, even if he were an independent contractor, he is still entitled to workers’ compensation benefits under the “manual laborer” exception in La. R.S. 23:1021(6).
An appellate court must affirm a workers’ compensation judgment unless it is based on legal error or factual findings that are manifestly erroneous. Novak v. North Oaks Medical Center, 00-0005 (La.App. 1 Cir. 9/28/01), 809 So.2d 340, 341. After a thorough review of the record, we conclude the legal conclusions and factual findings of the workers’ compensation judge are correct.
Accordingly, we affirm the workers’ compensation judgment. Costs of the appeal are assessed to Mr. Cador.
AFFIRMED.
McCLENDON, J., concurs with reasons.
KLINE, J., dissents with reasons.